1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10

11  MICHAEL LOPEZ,                    )   NO. CV 04-6798-MAN
                                      )
12                  Plaintiff,        )
          v.                          )   MEMORANDUM OPINION AND ORDER
13                                    )
                                      )
14  JO ANNE B. BARNHART,              )
    Commissioner of the              )
15  Social Security Administration,   )
                                      )
16                  Defendant.        )
    _____ )

17

18        Plaintiff filed a Complaint on September 2, 2004, seeking review of

19  the denial by the Social Security Commissioner ("Commissioner") of

20  Plaintiff's claim for disability insurance benefits ("DIB") and

21  supplemental security income benefits ("SSI").  On October 6, 2004, the

22  parties filed a "Consent to Proceed Before a United States Magistrate

23  Judge," pursuant to 28 U.S.C. § 636.  The parties filed a Joint

24  Stipulation on May 9, 2005, in which:  Plaintiff seeks an order

25  reversing the Commissioner's decision and either awarding benefits or

26  remanding the case for a new hearing; and Defendant requests that the

27  Commissioner's decision be affirmed.  The Court has taken the parties'

28  Joint Stipulation under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

Plaintiff filed applications for DIB and SSI on December 6, 2000. (Administrative Record ("A.R.") 128-30, 701-02.)  Plaintiff claims to have been disabled since September 1, 1997, due to ulcers, right leg pain, left shoulder pain, and depression.  (A.R. 16, 128, 701.) Plaintiff has past relevant work experience as a quality control inspector in the aerospace industry.  (A.R. 16.)

The Commissioner denied Plaintiff's claim for benefits initially and on reconsideration.  On April 16, 2002, Plaintiff, who was represented by counsel, testified at a hearing before Administrative Law Judge ("ALJ") John M. Wilcox in Peublo, Colorado.  (A.R. 710-35.)  In a June 12, 2002 decision, the ALJ found that Plaintiff was not disabled prior to April 1, 2000, but was disabled as of April 1, 2000, and, therefore, was entitled to DIB and SSI commencing on that date.  (A.R. 76-82.)  In a July 18, 2002 Referral For Appeals Council (AC) Own-Motion Review, the Appeals Council stated that it disagreed with the findings in the ALJ's June 12, 2002 decision as to Plaintiff's residual functional capacity and intended to remand the case for further proceedings.  (A.R. 96-100.)

On August 1, 2002, the Appeals Council notified Plaintiff of its reasons for reviewing the ALJ's June 12, 2002 decision, which found him to be disabled.  The Appeals Council explained that the hearing decision did not adequately address and explain:  "how the evidence of record supports the finding that [Plaintiff] lack[ed] the ability to perform work activity at any exertional level since April 1, 2000"; and the

2

ALJ's determination that "alcoholism is not a contributing factor material to the determination of disability." (A.R. 93-94.) The Appeals Council indicated that it "propose[d] to remand [the] case to an [ALJ] for further consideration," and advised that "[a]dditional evidence or a further written statement as to the facts and/or law should be submitted by mail to the Appeals Council within 30 days from the date of this letter." (A.R. 94.) Plaintiff did not respond to this notice. (A.R. 102.)

In a November 6, 2002 Order Of Appeals Counsel Remanding Case To Administrative Law Judge (the "2002 Order"), the Appeals Council vacated the June 12, 2002 decision and remanded the case to an ALJ for further proceedings. The Appeals Council directed the ALJ to:

> Obtain any additional existing medical evidence from [Plaintiff's] treating sources. As appropriate, the Administrative Law Judge may enlist the aid and cooperation of [Plaintiff's] representative in developing evidence from [Plaintiff's] treating sources.

> Obtain additional evidence concerning [Plaintiff's] right ankle fracture in order to complete the administrative record in accordance with regulatory standards concerning consultative examinations and existing medical evidence (20 CFR [§§] 404.1512-1513 and 416.912-913). The additional evidence may include, if warranted and available, a consultative orthopedic examination and medical source statements about what [Plaintiff] can still do despite the

3

impairments.

Evaluate [Plaintiff's] subjective complaints and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms (20 CFR [§§] 404.1529 and 416.929) and Social Security Ruling 96-7p.

Give further consideration to [Plaintiff's] maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of the assessed limitations (Social Security Ruling 96-8p). In so doing, evaluate the treating and examining source opinions and nonexamining source opinions pursuant to the provisions of 20 CFR [§§] 404.1527 and 416.927 and Social Security Rulings 96-2p, 96-5p, and 96-6p, and explain the weight given to such opinion evidence. As appropriate, the Administrative Law Judge may request the treating and examining sources to provide additional evidence and/or further clarification of the opinions and medical source statements about what the claimant can still do despite the impairments (20 CFR [§§] 404.1512 and 416.912). As appropriate, the Administrative Law Judge may enlist the aid and cooperation of [Plaintiff's] representative in developing evidence from [Plaintiff's] treating sources.

[O]btain evidence from a psychiatric or psychological medical expert to clarify the nature and severity of [Plaintiff's] impairments, the impact of his alcohol addiction and an

4

opinion on the remaining functional limitations if [Plaintiff] was not consuming alcohol (20 CFR [§§] 404.1527(f) and 416.927(f) and Social Security Ruling 96-6p).

Obtain evidence from a vocational expert to clarify the effect of the assessed limitations on [Plaintiff's] occupational base. The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 CFR [§§] 404.1566 and 416.966). Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

Conduct the further proceedings required to determine whether alcoholism is a contributing factor material to the finding of disability.

In compliance with the above, the Administrative Law Judge will offer [Plaintiff] an opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision.

(A.R. 103-04.)


On June 23, 2003, Plaintiff, who was represented by counsel, testified at a hearing before ALJ Steven Chaffin. (A.R. 759-72.) On February 3, 2004, the ALJ conducted an additional hearing following the completion of an orthopedic examination of Plaintiff on September 16, 2003. (A.R. 736-58, 674-79 -- Dr. Bunsri Sophon's September 16, 2003 orthopedic evaluation report.)


In an April 5, 2004 decision, the ALJ found that Plaintiff was not disabled at any time following his claimed 1997 alleged onset date. (A.R. 15-24.) The Appeals Council subsequently denied Plaintiff's request for review of that decision. (A.R. 8-10.) The April 5, 2004 ALJ decision, thus, constitutes the decision of the Commissioner which this Court must review.


**SUMMARY OF ADMINISTRATIVE DECISION**


The ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset of disability and was insured for benefits through June 30, 2000. (A.R. 22.) The ALJ found that Plaintiff was an "individual closely approaching advanced age" as of the date of the decision and was a "younger individual" as of his alleged onset date, pursuant to 20 C.F.R. §§ 404.1563 and 416.963, and has "more than a high school (or high school equivalent) education," pursuant to 20 C.F.R. §§ 404.1564 and 416.964. (A.R. 23.) He found that Plaintiff's impairments, consisting of an old fracture of the right oscalneus, fracture of the right ankle, fracture of the right tibial

6

plateau with status post open reduction and internal fixation, chronic back pain, tendonitis and bursitis of the left shoulder, degenerative disc disease of the cervical spine, recurrent bleeding ulcers, and alcohol dependence, were "severe," but he did not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.  (A.R. 22.)

The ALJ concluded that "[Plaintiff's] allegations regarding his limitations absent alcohol use [were] not totally credible for the reasons set forth in the body of the decision."  (A.R. 22.)  The ALJ found that, absent alcohol use, Plaintiff had the following residual functional capacity:

> [Plaintiff] would be able to perform work activities except for work requiring lifting and carrying more than 20 pounds frequently and 30 pounds occasionally, standing and walking for more than four hours out [of] an eight hour workday and sitting for more than six hours a day and that he would be limited to occasional climbing, kneeling, crawling and squatting.

(A.R. 22.)

The ALJ further found that Plaintiff was unable to perform any of his past relevant work pursuant to 20 C.F.R. §§ 404.1564 and 416.964. (A.R. 23.)  Relying upon the testimony of a vocational expert and using Rule 202.21 and 202.14 the Medical-Vocational Guidelines (the "Grids") as a framework, the ALJ found that, although Plaintiff could not have

performed the full range of "light" work during the relevant time period, there was a significant number of jobs in the national economy that Plaintiff could have performed, such as a cashier II (according to DOT No. 211-462-010) and a storage facility rental clerk (DOT No. 295.367-026).[1]  (*Id.*)  Thus, the ALJ concluded that Plaintiff would not have been disabled in the absence of his alcohol abuse.  (*Id.*)

**STANDARD OF REVIEW**

This Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).  The Commissioner's decision must stand if it is supported by substantial evidence and applies the appropriate legal standards.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  Substantial evidence is "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995).

Although this Court cannot substitute its discretion for that of the Commissioner, this Court nonetheless must review the record as a

---

[1]      Rule 202.14 directs that a person who is an "individual closely approaching advanced age," is a "high school graduate or more," and is "skilled" with skills not transferable is not disabled. Rule 202.21 directs that a person who is a "younger individual," is a "high school graduate or more," and is "skilled" with skills not transferable is not disabled.  20 C.F.R. Pt. 220, App. 2.  "Light work" involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. §§ 404.1567(b), 416.967(b).  As quoted above, the ALJ found that Plaintiff had the residual functional capacity to perform work at slightly above the "light" exertional level.

whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." <u>Desrosiers v. Sec'y of Health and Human Serv.</u>, 846 F.2d 573, 576 (9th Cir. 1988); *see also* <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039-40 (9th Cir. 1995). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and free from legal error, even when the record reasonably supports more than one rational interpretation of the evidence. *Id.* at 1041; *see also* <u>Morgan v. Commissioner of the Social Security Administration</u>, 169 F.3d 595, 599 (9th Cir. 1999); <u>Flaten v. Secretary</u>, 44 F.3d 1453, 1457 (9th Cir. 1995).

**DISCUSSION**

Plaintiff alleges one disputed issue: he contends that the ALJ failed to fulfill his duty to develop the record fully. (Joint Stip. at 2.)

**<u>The Record Must Be Further Developed Regarding The Impact Of Plaintiff's Alcohol Abuse</u>.**

It is well-established that the Commissioner has an affirmative, independent duty to develop the record fully, even if the claimant is represented by counsel. *See* <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1150 (9th Cir. 2001); <u>Smolen</u>, 80 F.3d at 1288; <u>Brown v. Heckler</u>, 713 F.2d 441, 442-43 (9th Cir. 1993). In assessing whether the record must be

further developed, 20 C.F.R. §§ 404.1512(e) and 419.916(e) provide that:

(e) When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision.  To obtain the information, we will take the following actions.

(1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available.  We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.  We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source.  In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

(2) We may not seek additional evidence or clarification from a medical source when we know from past experience that the source either cannot or will not provide the necessary findings.

10

*See also* Thomas v. Barnhart, 278 F.3d 947, 956-57, 959 (9th Cir. 2002)(requirement in 20 C.F.R. § 404.1512(e) that the Commissioner re-contact treating sources is triggered only when the information from the treating sources is inadequate to make a determination regarding disability); Tonapetyan, 242 F.3d at 1150 (ALJ's duty triggered when the evidence is ambiguous or the record is inadequate to allow for proper evaluation of the evidence).

Where, as here, a claimant suffers from substance addiction, the ALJ must render findings about how the claimant's substance abuse affects his residual functional capacity. A claimant is not eligible to receive disability benefits if drug or alcohol addiction is a "contributing factor material to a determination of disability." 20 C.F.R. §§ 404.1535, 416.935. The "'key factor . . . in determining whether alcoholism or drug addiction is a contributing factor material to the determination of a disability'" is "whether an individual would still be found disabled if she stopped using alcohol or drugs." Sousa v. Callahan, 143 F.3d 1240, 1245 (9th Cir. 1998)(citing to 29 C.F.R. § 404.1535(b)(1)).

Thus, a two-step analysis is required. First, the ALJ must evaluate which of the claimant's physical and mental limitations would remain if the claimant refrained from drug and alcohol use. Second, the ALJ must determine whether the claimant's remaining limitations would be disabling. 20 C.F.R. §§ 404.1535(b), 416.935(b). However, it is not proper simply to conclude that substance abuse is a contributing factor to a claimed mental impairment without distinguishing between the substance abuse contributing to the disability and the disability which

11

would remain, if any, if the claimant stopped using drugs or alcohol. <u>Bustamante v, Massanari</u>, 262 F.3d 949, 955 (9th Cir. 2001)(ALJ erred by not first determining whether claimant's mental problems rendered him disabled, before assessing the impact of the claimant's alcohol abuse on his disability).

In setting forth the ALJ's duty on remand, the 2002 Order specifically stated that the ALJ should: "evaluate the treating and examining source opinions and nonexamining source opinions pursuant to the provisions of 20 CFR 404.1527 and 416.927 and Social Security Rulings 96-2p, 96-5p, and 96-6p, and explain the weight given to such opinion evidence." (A.R. 104.) In addition, the 2002 Order required the ALJ to elicit further information from a medical expert to determine Plaintiff's residual functional capacity absent alcoholism, directing the ALJ to "obtain evidence from a psychiatric or psychological medical expert to clarify the nature and severity of [Plaintiff's] impairments, the impact of his alcohol addiction and an opinion on the remaining functional limitations if the claimant was not consuming alcohol." (*Id.*) The 2002 Order expressly directed the ALJ to "[c]onduct all further proceedings required to determine whether alcoholism is a contributing factor material to the finding of disability." (*Id.*)

Plaintiff contends that: the ALJ failed to comply with these directives, arguing that "the Appeals Council wanted clarification [of] the report [of Dr. Richard Nanes, Plaintiff's treating physician] and an explanation as to how the medical evidence supports the restrictions that were opined by Dr. Nanes"; and, in failing "to obtain clarification from Dr. Nanes regarding his report of disability," the ALJ erred.

12

(Joint Stip. at 3.)[2]   Plaintiff further contends that the ALJ's failure to re-contact Dr. Nanes to obtain additional information and clarification of Dr. Nanes's treatment records constitutes a violation of 20 C.F.R. § 404.1512(e).   (Joint Stip. at 3-4.)

The ALJ found that, while Plaintiff's impairment of alcohol dependence was severe, his claimed mental impairment of depression was not severe, because Plaintiff's mental limitations were all attributable to his alcohol abuse.   The ALJ reasoned:

> On the basis of the foregoing evidence, the Administrative Law Judge concludes [Plaintiff] has an impairment of alcohol dependence.   Although "severe" within the meaning of the Regulations, it is not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.   Nonetheless, it renders him with a substantial loss of the ability to understand, carry out and remember simple instructions; to respond appropriately to

---

[2]   In the 2002 Order, the Appeals Council noted that Dr. Nanes's April 15, 2002 report "did not explain how the medical evidence supports the restrictions provided," and his "medical reports do not contain any specific information concerning [Plaintiff's] depression or any information about psychotherapy treatment for the depression."   (A.R. 102.)   The Appeals Council also stated it was unclear how Dr. Nanes's conclusion that Plaintiff would be disabled by depression, even if he was not an alcoholic, "is supported by evidence of record."   (A.R. 103.) The Appeals Council observed:

> Other than the period from August 29, 2000, through late November or early December 2000, when [Plaintiff] was in the Crossroads Treatment Program, there is no indication that he stopped drinking beer and it is not clear how his alcohol abuse [a]ffects his depression and other impairments.

(*Id.*)

supervision, coworkers and usual work situations; and to deal with changes in a routine work setting.  In assessing [Plaintiff's impairment-related] limitations, the evidence was considered in concluding that [Plaintiff's] substance addiction disorder has caused moderate restrictions in daily activities, moderate difficulties in social functioning, moderate difficulties in maintaining concentration, persistence or pace, and multiple episodes of decompensation. This is demonstrated through the records disclosing that alcohol abuse is shown to have resulted in physical assaults in bars (Ex 5F pgs 17 & 18); that some of his medical problems were related to alcohol abuse (Ex 5F pg 16); that he was not eating or taking care of himself (Ex 14F pg 61); that he had a history of black outs and delirium tremens (Ex 14F pg 66); that his use of alcohol had resulted in a DUI arrest, disorderly conduct charges secondary to bar room fights (Ex 14F pg 61), and family problems (Ex 10F pg 1); that alcoholism had resulted in a loss of focus; (Ex 14F pg 59); his hallucinations (Ex 14F); and his multiple hospitalizations with symptoms of withdrawal.

. . . .

Here, it is concluded that the above referenced limitations are related to alcohol abuse.  The findings noted during [Plaintiff's] psychiatric hospitalization in August 2001 reflected that [Plaintiff] was hospitalized with depression and suicidal ideation.  He was drinking a twelve pack of beer

14

a day (Ex. 14 pg 4).  Upon a discharge from the hospital, wherein [Plaintiff] had been in a controlled environment apart from alcohol, records reflected that his food and fluid intake had normalized; that his mood was improved and that he was no longer depressed; and that his confusion and hallucinations had resolved (Ex 14F pg 3).  The psychiatric examination by Dr. Evans disclosed no significant signs of clinical depression (Ex 13F).  [Plaintiff] evidenced some mild deterioration of concentration and memory, but exhibited no significant organicity of cognitive functioning.  Overall, [Plaintiff] was given no more than mild difficulties in social and occupational functioning.  Clinical records from [Plaintiff's] treating sources also reflect that with abstinence from alcohol, his depression was under better control (Ex. 11F pg 4).

Apart from a substance addiction disorder, the record indicates evidence of a *major depressive disorder* which is not found to be severe or to impose any significant limitations on [Plaintiff's] ability to perform work related activities. Overall, apart from substance abuse, [Plaintiff] has no restrictions in daily activities or social functioning, no more than mild difficulties in maintaining concentration, persistence or pace, and no episodes of decompensation. [Plaintiff] describes himself as being independent with respect to household chores, running errands, shopping, cooking and dressing and bathing (Ex 13F, B24F pg 2). Mental status examinations of record reveal that [Plaintiff] is able

1    to provide relevant information about his history, and have

2    shown only mild deficits in concentration and memory (Ex.

3    13F).   There is no evidence of any decompensation.   The

4    Administrative Law Judge has also considered [Plaintiff's]

5    ability to function outside the setting of his home, the

6    effects of stress on [Plaintiff's] functioning, and the

7    effects of medication and other treatment, and finds that

8    [Plaintiff] has no impairment in these areas.

10   (A.R. 18-19; emphasis added.)

12       In finding that Plaintiff's mental impairment was attributable to

13   his alcohol abuse, rather than to his depression, the ALJ:  relied on

14   the opinions of Dr. Steven Wells, a psychologist who testified as a

15   medical expert at the June 23, 2003 hearing, and Dr. James Evans, who

16   examined Plaintiff on June 8, 2001, at the request of the Commissioner;

17   and rejected the opinion of Dr. Nanes, Plaintiff's treating physician.

18   The Court concludes that the ALJ committed reversible error, for the

19   following reasons:

21       Dr. Nanes's April 15, 2002 report consists of his responses set

22   forth on a form sent to him by Plaintiff's former counsel.   Dr. Nanes

23   stated, without explanation, that "[Plaintiff] would not be able to work

24   due to his major depressive illness even if he were not an alcoholic."

25   (A.R. 635.)  He further noted, again without explanation, that Plaintiff

26   had "marked" limitations in understanding and memory, sustained

27   concentration and persistence, social interaction, and adaptation.

28   (A.R. 636-37.)  When asked to describe the medical and clinical findings

that supported his assessment, Dr. Nanes merely stated conclusorily that "[Plaintiff] suffers from longstanding severe depressive disorder that has not responded to multiple anti-depressant medications [and] psychotherapy treatments." (A.R. 638.)  In addition, in November 22, 2000 Initial Examination, September 30, 1999 Medical Reexamination, and August 25, 1998 Initial Examination forms, while Dr. Nanes limited Plaintiff to "no work activity," he again provided no explanation for this assessment. (A.R. 640-45.)  Dr. Nanes, thus, effectively found that Plaintiff is disabled, but failed to set forth his clinical findings, if any, supporting that conclusion.

The ALJ rejected Dr. Nanes's opinion, reasoning:

> The more restrictive functional assessments submitted by Dr. Nanes under Exhibit B21F and B22F are not persuasive, considering the inconsistencies with the record as a whole. Dr. Nanes also reported that [Plaintiff] would not be able to work due to major depression, even if he were not an alcoholic. However, he does not identify any objective findings to support [Plaintiff's] inability to maintain activities of a work day on a sustained basis. It would also appear from a longitudinal review of the records that Dr. Nanes has allowed [Plaintiff's] failure to comply with recommended treatment to continue.

(A.R. 20.)  The ALJ did not commit error in finding Dr. Nanes's opinion to be "not persuasive," as it is wholly conclusory and lacks any supporting clinical findings. *See* <u>Thomas</u>, 278 F.3d at 957 ("The ALJ

17

need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical findings."); Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992)(ALJ may reject the opinion of either a treating or examining physician if that opinion is conclusory, brief and unsupported by clinical findings).  However, given the lack of other adequate evidence of record on the question of the impact of Plaintiff's alcohol abuse on his residual functional capacity, it was error to reject Dr. Nanes's opinion outright -- which, even though defective, was the only medical opinion directly opining on this dispositive issue -- without first attempting to further develop its basis.

The ALJ's reliance on the opinion of Dr. Evans, the consultative examiner, to support the ALJ's finding that Plaintiff's depression was not severe in the absence of his alcohol abuse was misplaced.  In a June 8, 2001 report, Dr. Evans found that Plaintiff "appears to [have] some mild deterioration of concentration and memory, but [there is] no evidence of any significant organicity in terms of cognitive functioning." (A.R. 376.)  However, Dr. Evans based his opinion solely on his one-time examination of Plaintiff, and there is no indication that he reviewed any the existing medical records regarding Plaintiff's mental health.   Thus, it is unclear whether Dr. Evans based his assessment on a complete picture of Plaintiff's condition.  See 20 C.F.R. §§ 404.1517, 416.917 ("[i]f we arrange for [a consultative] examination or test, . . . [w]e will also give the examiner any necessary background information about your condition."); Nalley v. Apfel, 100 F. Supp. ed 947, 953 (S.D. Iowa 2000)("when a claimant is sent to a doctor for a consultative examination, all the available

medical records should be reviewed by the examiner"). *See also* <u>Hurstrom</u> <u>v. Barnhart</u>, 233 F. Supp. 2d 1159, 1166 (S.D. Iowa 2002)("There is no indication that either [consultative physician] had access to any of the medical records which were available at the time of their examinations. . . . Even if Plaintiff told the consulting doctors that he had no limitations, these statements are not credible in light of the numerous laboratory reports showing that his blood sugar is out of control."); <u>Ladue v. Chater</u>, 1996 WL 83880, *5 (N.D. Cal. 1996)(requiring remand where "[t]he ALJ failed to conform to 20 C.F.R. § 404.1517 requiring that the consultative examiner be provided with necessary background information regarding the claimant's condition [and] it appears from the record that the ALJ gave Dr. Mehta's consultative report considerable weight, even though Dr. Mehta was lacking important background information regarding plaintiff"). As a result, Dr. Evans's opinion did not constitute substantial evidence.

While the ALJ appropriately obtained additional evidence through the testimony of Dr. Wells, a medical expert, Dr. Wells's opinion also cannot serve as substantial evidence for the ALJ's decision. Dr. Wells testified, in relevant part,[3] that Plaintiff has two impairments, "major depressive disorder, recurrent mild to moderate" and "alcohol dependence." He conceded that he lacked current medical records relating to Plaintiff's alcoholism and was unaware whether Plaintiff

---

[3]     The Administrative Record provided to the Court is missing page 765, which contains a portion of the testimony of Dr. Wells. It appears that, despite the efforts of counsel, the missing page cannot be located. In view of the failure of either party to seek to supplement the record to include this page during the course of this action or to address its absence, it further appears that neither party views the missing page as critical evidence. Hence, the Court also will assume that its absence is not critical.

ever had received treatment for it through a rehabilitative program or been alcohol-free. (*See* A.R. 764 -- "I would note that I don't really have any update on the status of the alcohol problem that will constitute one of the diagnoses since approximately November 2002," and "If the claimant has actually gone into a treatment rehabilitation program as he was urged to do years before and has not been drinking since any date which can be given, then I would not be privy to that knowledge at this point"; A.R. 766 - "I don't find any periods of freedom from alcohol dependence such that the doctor could have made independent observations of the effect only of the depression.") However, as both the ALJ and the Appeals Council observed (A.R. 19, 103), Plaintiff *did* receive such treatment on at least two occasions. The fact that Dr. Wells was unaware of such medical evidence of record, as well as his admission that he lacked current records, indicated that he, like Dr. Evans, was not provided with complete and adequate medical records for Plaintiff.  Thus, Dr. Wells's affirmative response to the question, "based on the evidence before you, you are unable to say that the [major depressive disorder] is not significantly affected by the [alcohol dependence]?" (A.R. 766), while hardly a dispositive finding, also does not constitute substantial evidence to support the ALJ's decision.

The ALJ observed that Plaintiff appeared to have no "severe" mental limitations during periods of sobriety.  However, it appears that the ALJ improperly based this finding on his own interpretation of the medical records, rather than on an opinion from a qualified medical source.  This "finding," therefore, also does not constitute substantial evidence.  *See* <u>Day v. Weinberger</u>, 522 F.2d 1154, 1156 (9th Cir.

1975)(ALJ is forbidden from making his own medical assessment beyond that demonstrated by the record); *see also* <u>Gonzalez Perez v. Sec'y. of Health & Serv.</u>, 812 F.2d 747, 749 (1st Cir. 1987) ("The ALJ may not substitute his own layman's opinion for the findings and opinions of a physician.").

In view of the shortcomings of Dr. Evans's report and Dr. Wells's testimony, this Court cannot find the ALJ's finding that Plaintiff had no "severe" mental impairment based on his depression, in the absence of his alcohol abuse, to be based on substantial evidence.  No acceptable medical source has provided an opinion that suffices as substantial evidence on the question of whether Plaintiff would disabled by depression without his alcohol abuse.  Under these circumstances, the ALJ did not meet his duty, under the 2002 Order, to "[c]onduct the further proceedings required to determine whether alcoholism is a contributing factor material to the finding of disability." (A.R. 104.) The only medical opinion of record unequivocally answering this question was that of Dr. Nanes, and that opinion was barebones and conclusory. The Appeals Council, however, made clear that, as "appropriate," the ALJ was to request treating sources to "provide additional evidence and/or further clarification" of their opinions.  (A.R. 104.)  Under the state of the record before him, and given the Appeals Council's directive, the ALJ should have sought such clarification from Dr. Nanes.

In order to make a proper determination regarding Plaintiff's residual functional capacity in view of his major depressive disorder and absent alcohol dependence, the ALJ should attempt to re-contact Dr. Nanes so that he may have the opportunity to:  1) indicate how the

medical evidence of record supports his April 15, 2002 opinion; 2) provide additional medical records, if any, pertaining to substance abuse rehabilitation program(s) Plaintiff may have attended and the length and dates of Plaintiff's periods of sobriety, if any; and 3) describe his observations of Plaintiff's limitations during such periods of sobriety, if any.  In addition, the ALJ should seek further opinions regarding Plaintiff's mental limitations, if any, in the absence of his alcohol abuse and his consequent residual functional capacity from the physicians from whom he sought treatment after moving to California.  On remand, Plaintiff's counsel should assist the ALJ in developing the record. (*See* 2002 Order at 103-04 - "As appropriate, the Administrative Law Judge may enlist the aid and cooperation of [Plaintiff's] representative in developing evidence from [Plaintiff's] treating sources.")

The ALJ should then seek an opinion from a consultative examiner or medical expert, which is based on the fully developed record.  The ALJ specifically may elicit an opinion from a consultative examiner or medical expert as to the validity of Dr. Nanes's April 15, 2002 report.  Although an opinion as to whether Plaintiff's mental impairment remaining in the absence of his alcohol abuse ultimately may be speculative and/or hypothetical, in view of the fact that Plaintiff may have not been sober for an adequate period to make such determination with certainty, such an opinion is what the law requires in these instances.  *See* Brueggemann v. Barnhart, 348 F.3d 689, 695 (8th Cir. 2003)("We have previously noted that when the claimant is actively abusing alcohol or drugs, [the determination as to which limitations would remain when the effects of the substance use disorders are absent]

22

1  will necessarily be hypothetical and therefore more difficult than the
2  same task when the claimant has stopped. . . .  Even though the task is
3  difficult, the ALJ must develop a full and fair record and support his
4  conclusion with substantial evidence on this point just as he would any
5  other."; citations omitted).  After further developing the record, the
6  ALJ should render a new finding regarding the validity of Dr. Nanes's
7  opinion.

8

9      If, on remand, the consultative physician or medical expert is
10 unable to separate the impact of Plaintiff's alcoholism and remaining
11 mental impairment, if any, the Commissioner's guidelines suggest that a
12 finding of disability is warranted.  *See* http://policy.ssa.gov
13 (Effective through July 30, 2006)(formerly entitled Emergency Teletype
14 on Drug and Alcohol Disorder ("Emergency Teletype"))("When it is not
15 possible to separate mental restrictions and limitations imposed by the
16 [drug and alcohol addiction] and the various mental disorders shown by
17 the evidence, a finding of 'not material' would be appropriate."); Clark
18 v. Apfel, 98 F. Supp. 2d 1182, 1185 (D. Or. 2000)(noting the Emergency
19 Teletype and requiring reversal where ALJ specifically found that it was
20 impossible to separate the effects of the claimant's polysubstance
21 dependence from other possible mental impairments); Hogenson v.
22 Massanari, 2001 WL 34045814, *4 (D. Or. Aug. 7, 2001)("The Emergency
23 Teletype is an admission by the Social Security Administration that in
24 cases where the 'differentiating' analysis is beyond the realm of
25 reliable proof, a finding of 'not material' is appropriate.").

26

27     Accordingly, the ALJ's finding regarding the impact of Plaintiff's
28 alcoholism is not supported by substantial evidence, and the record must

1  be developed as directed above.

2

3  **B.    <u>Remand Is Required</u>.**

4

5      Here, remand is appropriate to allow the ALJ the opportunity to
6  correct the above errors.  *See* <u>Higbee v. Sullivan</u>, 975 F.2d 558, 561-62
7  (9th Cir. 1991)(remanding case in order to develop the record);
8  <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989)(remand
9  appropriate to remedy defects in the record).

10

11                            **CONCLUSION**

12

13      Accordingly, for the reasons stated above, the denial of benefits
14  is REVERSED, and this case is REMANDED for further proceedings
15  consistent with this Memorandum Opinion and Order.  Judgment shall be
16  entered reversing the decision of the Commissioner, and remanding the
17  matter for further administrative action consistent with this Memorandum
18  Opinion and Order.

19

20      IT IS FURTHER ORDERED that the Clerk of the Court shall serve
21  copies of this Memorandum Opinion and Order and the Judgment on counsel
22  for Plaintiff and for Defendant.

23

24      **LET JUDGMENT BE ENTERED ACCORDINGLY.**

25

26  DATED: September 27, 2006

27                                    _____
                                                /s/
                                        MARGARET A. NAGLE
28                                  UNITED STATES MAGISTRATE JUDGE

                                    24